## SALVATORE ANNUNZIATA *v.* COMMISSIONER OF CORRECTION
### (AC 21986)

Foti, Schaller and West, Js.

Submitted on briefs September 16—officially released December 10, 2002

*Patrice A. Cohan*, special public defender, filed a brief for the appellant (petitioner).

*Gerard P. Eisenman*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Salvatore Annunziata, appeals from the judgment of the habeas court denying his petitions for a writ of habeas corpus and for certification to appeal. Specifically, the petitioner claims that the court abused its discretion when it (1) denied his petition for certification to appeal from the denial of the petition for habeas corpus, and (2) denied his petition for a writ of habeas corpus in which he had alleged ineffective assistance of counsel on the bases of alleged coercion by his trial counsel to enter an *Alford*[1] plea and counsel's alleged failure to conduct a proper investigation. We dismiss the appeal.

On November 17, 1988, pursuant to *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), the petitioner pleaded guilty to murder in violation of General Statutes § 53a-54a (a) and conspiracy to commit murder in violation of General Statutes §§ 53a-48a and 53a-54a. On November 25, 1988, the petitioner was sentenced to a term of forty years on the murder conviction and twenty years on the conspiracy conviction, those terms of imprisonment to run concurrently for a total effective sentence of forty years. On January 31, 2001, the petitioner filed an amended peti-

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

tion for a writ of habeas corpus, alleging that he had been denied the effective assistance of counsel in violation of his state and federal constitutional rights. Specifically, the petitioner alleged that his counsel coerced him to enter the *Alford* plea, failed to conduct a proper investigation and deprived him of the opportunity to provide an alibi defense.[2] Following a hearing, the court denied the habeas petition and the petitioner's subsequent petition for certification to appeal.

We first set forth our standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To determine whether the habeas court abused its discretion, the petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id., 616, citing *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The petitioner first claims that the court abused its discretion when it denied his petition for certification to appeal from the denial of the habeas petition. After a review of the record and briefs, we conclude that the

---

[2] The petitioner withdrew his claim as to an alibi defense during the hearing on his habeas petition.

petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right, and, further, we conclude that he has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done.[3]

With respect to the petitioner's claim of ineffective assistance of counsel, which was based on an allegedly coerced *Alford* plea, the court reviewed the transcript of the petitioner's plea canvass and determined that the plea was voluntarily, knowingly and intelligently made. The court concluded that the petitioner's claim that he had been coerced into pleading guilty was completely unsubstantiated. Furthermore, on direct examination at the habeas proceeding, the petitioner testified that he had perjured himself during the criminal trial of his codefendant. The court did not find credible the petitioner's claim that his experienced trial counsel had advised the petitioner that he would serve only ten years of a recommended sentence of forty years, particularly in light of the fact that the petitioner faced a potential sentence of eighty years incarceration.[4] The finder of fact, not this court, is the arbiter of credibility. *Wieler* v. *Commissioner of Correction,* 47 Conn. App. 59, 61, 702 A.2d 1195, cert. denied, 243 Conn. 957, 704 A.2d 806 (1997).

The petitioner next based his claim of ineffective assistance of counsel on an alleged failure by trial coun-

---

[3] Because the petitioner has failed to meet that initial burden, we cannot reach his second claim, which concerns whether the court improperly denied his petition for a writ of habeas corpus.

[4] The petitioner faced a maximum sentence of life, or sixty years, in prison pursuant to the murder conviction and twenty years in prison pursuant to the conspiracy conviction. The petitioner agreed with the state's recommended sentence of forty years in prison for murder and twenty years for conspiracy to be served concurrently. The sentencing court, however, was not bound by the recommendation and could have sentenced the petitioner to eighty years in prison.

sel to conduct a proper investigation. The petitioner, however, failed to brief that portion of the claim. We are not required to review claims that are inadequately briefed. *State* v. *Beverly*, 72 Conn. App. 91, 102, 805 A.2d 95, cert. denied, 262 Conn. 910, 810 A.2d 275 (2002); *State* v. *Vicente*, 62 Conn. App. 625, 632, 772 A.2d 643 (2001). We therefore decline to address that portion of the petitioner's claim and consider it abandoned.

After a review of the record and briefs, we conclude that the petitioner has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion. See *Simms* v. *Warden*, supra, 230 Conn. 612. Consequently, we cannot proceed under *Simms* to determine whether the judgment of the habeas court should be reversed on its merits. See id.

The appeal is dismissed.