**Andrew BURRELL, Petitioner–Appellant,**

**v.**

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 02–2584.**

United States Court of Appeals, Second Circuit.

Argued: Feb. 10, 2004.

Decided: Sept. 14, 2004.

Tina Schneider, Portland, Maine, for Petitioner–Appellant.

Paul T. Weinstein, Assistant United States Attorney (David C. James, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, New York, for Respondent–Appellee.

Before: JACOBS, SACK, and RAGGI, Circuit Judges.

RAGGI, Circuit Judge:

Andrew Burrell, who was convicted in 1995 after a jury trial in the Eastern District of New York (Sterling Johnson, Jr., *Judge*) of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1); *United States v. Burrell*, No. 93–CR–319 (E.D.N.Y. Sept. 6, 1995), now appeals from that same court's judgment entered August 22, 2002, denying his motion to vacate his 1995 conviction pursuant to 28 U.S.C. § 2255, *see Burrell v. United States*, No. 97–CV–7358 (SJ), 2002 U.S. Dist. LEXIS 18195 (E.D.N.Y. Aug. 19, 2002). Although Burrell has completed serving a ten-year term of incarceration for his § 922(g)(1) crime, because he is a Jamaican national, he is presently detained awaiting deportation based in part on that 1995 conviction. On July 30, 2003, upon Burrell's motion and the government's consent, we granted a stay of deportation pending resolution of this appeal.

Burrell submits that his conviction should be vacated because he is actually innocent of the § 922(g)(1) conviction. Specifically, he submits that the Connecticut judgment relied on by the prosecution to establish the requisite predicate felony was based on a guilty plea entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970),[1] and that Connecticut does not recognize such judgments as convictions. We affirm the district court's conclusion that a Connecticut judgment pursuant to an *Alford* plea can qualify as a predicate felony conviction for purposes of § 922(g)(1).[2]

*Background*

## I. The Connecticut Alford Plea

On August 8, 1990, Andrew Burrell pleaded guilty in Connecticut Superior Court for Fairfield County to charges of

---

1. A defendant entering an *Alford* plea "voluntarily, knowingly, and understandingly consent[s] to the imposition of a prison sentence even [though] he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. at 37, 91 S.Ct. 160. Frequently analogized to a plea of nolo contendere, an *Alford* plea often asserts innocence whereas a nolo contendere plea refuses to admit guilt. *See id.; see also State v. Faraday*, 268 Conn. 174, 842 A.2d 567, 588 (2004) ("A guilty plea under the *Alford* doctrine is the functional equivalent [to an unconditional] plea of nolo contendere." (alteration in original) (citation omitted)).

2. In *Abimbola v. Ashcroft*, 378 F.3d 173, 175 (2d Cir.2004), we recently rejected the argument that a Connecticut *Alford* plea cannot support an aggravated felony conviction for purposes of removal proceedings pursuant to the Immigration and Nationality Act ("INA"), *see* 8 U.S.C. § 1227(a)(2)(A)(iii). That decision does not, by itself, resolve the issue before us because the INA provides its own statutory definition of "conviction," *see* 8 U.S.C. § 1101(a)(48)(A), whereas 18 U.S.C. § 921(a)(20) states that predicate convictions under § 922(g)(1) should be "determined in accordance with the law of the jurisdiction in which the [prior felony] proceedings were held."

third-degree assault in violation of Conn. Gen.Stat. § 53a–61, and possession of a weapon in a motor vehicle in violation of Conn. Gen.Stat. § 29–38. *See* Trans. of Plea Proceeding, at 3, *State v. Burrell,* Nos. CR90–52481, CR90–52482 (Conn.Super.Ct. Aug. 8, 1990). Burrell's counsel specified on the record that the pleas were entered pursuant to the "*Alford* Doctrine." *Id.* During the colloquy, the court recited the facts alleged by the state:

> THE COURT: The allegation is that you followed her, the victim, got out of the car, she thought [you] had a weapon on her, got her into the car, assaulted her. She called the police. The police went to the location, found the car. In the car they found the weapon. Is that basically it?
>
> [COUNSEL]: That is correct, your Honor.
>
> THE COURT: Mr. Burrell, as to those allegations, you may not be admitting all of those allegations, but are you entering your plea, freely, intelligently, and voluntarily because it is your opinion that if we were to try this case, you'd probably be convicted, and if convicted, you'd face a more severe punishment. Is that why you're pleading guilty, sir?
>
> MR. BURRELL: Yes, sir.

*Id.* at 3–4. The court thereupon sentenced Burrell to two concurrent one-year terms of incarceration, which it suspended in favor of two one-year concurrent terms of probation. *See id.* at 4.

**3.** The sentence was slightly below the 121–151 month range that the district court concluded was warranted by application of the Sentencing Guidelines. *See Edwards v. United States,* 523 U.S. 511, 515, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998) (holding that courts may not impose a Guidelines sentence that exceeds the maximum established by statute). That range was based on a total offense level of 30, which reflected the district court's conclusion, after a sentencing hearing, that Bur-

## II. *The Federal § 922(g)(1) Conviction*

Some two and one-half years later, on March 10, 1993, Burrell and a confederate, Shane Stennett, who were then targets of an undercover narcotics investigation, were arrested in Brooklyn, New York, in possession of loaded firearms. Charged with various narcotics and firearms crimes, Stennett pleaded guilty soon after jury selection, while Burrell proceeded to trial. On December 29, 1993, the jury reported that it was deadlocked on all counts except the charge that Burrell was a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), on which it found him guilty.

After a number of adjournments, Burrell was sentenced on August 30, 1995, to the maximum ten-year term of incarceration applicable to § 922(g)(1) violations. *See* 18 U.S.C. § 924(a)(2).[3] This court affirmed Burrell's conviction and sentence by summary order dated May 6, 1996. *See United States v. Burrell,* No. 95–1520, 1996 U.S.App. LEXIS 10447, at *1 (2d Cir. May 6, 1996).

## III. *Burrell's § 2255 Challenge to His Federal Conviction*

On December 6, 1997, Burrell moved to vacate his federal conviction pursuant to 28 U.S.C. § 2255 on the ground that his trial counsel was constitutionally ineffective. *See Burrell v. United States,* 2002 U.S. Dist. LEXIS 18195, at *4–*5. While this motion was pending, Burrell pursued

rell and Stennett had possessed the charged firearms in connection with a drug scheme involving more than three kilograms of cocaine and that Burrell had been the organizer and leader of the scheme. It was further based on a criminal history category of III, which represented an upward departure of two category levels in light of evidence that Burrell had engaged in numerous uncharged robberies and extensive trafficking in cocaine and crack.

a successful challenge to his 1990 state conviction in the Connecticut Superior Court. *See State v. Burrell,* No. CR90–52481 (Conn.Super. Ct. June 22, 1999).[4] With the state predicate felony conviction thus vacated, Burrell amended his § 2255 motion on July 21, 1999, to assert that he was therefore actually innocent of the § 922(g)(1) offense. Thereafter, Burrell supplemented his § 2255 motion twice more. In a submission styled an "Addendum" to his § 2255 motion and dated August 1, 2000, Burrell urged as another ground demonstrating actual innocence the fact that his judgment of conviction was based on an *Alford* plea. The following month, Burrell attempted to add an *Apprendi* challenge to judicial fact-finding at sentencing by filing a "Motion For Expansion of the Record Pursuant to Rule 7 of the Rules Governing § 2255 Proceedings." *See Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). On February 8, 2001, the district court denied Burrell's ineffective assistance and first actual-innocence claim. *See Burrell v. United States,* No. 97–CV–7358 (SJ) (E.D.N.Y. Feb. 8, 2001). On appeal, this court, in an unpublished order, granted a certificate of appealability for the "limited purpose" of remanding the case back to the district court for its consideration of Burrell's motion to relieve counsel, his second actual-innocence claim, and his *Apprendi* challenge, provided the court found the latter claim properly raised. *Burrell v. United States,* No. 01–2118 (2d Cir. July 11, 2001).

■ By order dated March 19, 2002, the district court assigned Burrell new counsel and, after receiving further briefing, issued a detailed memorandum and order dated August 19, 2002, which (1) rejected Burrell's argument that an *Alford* plea did not result in a Connecticut conviction that could qualify as the necessary felony predicate for § 922(g)(1); and (2) concluded that Burrell's *Apprendi* challenge was barred by *Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality opinion) and, in any event, was without merit. *See Burrell v. United States,* 2002 U.S. Dist. LEXIS 18195. The district court granted Burrell a certificate of appealability on the first issue.[5]

4. Although the record before us does not identify the specific grounds relied on by the Connecticut court in vacating this conviction, Burrell's motion argued that vacatur was warranted because the trial judge had failed to comply with Conn. Practice Book § 39–20 (requiring court to ascertain whether a plea "results from prior discussions" between the prosecution and the defense and to ensure that "the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement"), and Conn. Gen.Stat. § 54–1j (requiring court to advise defendant of the immigration consequences of his plea).

5. Despite the district court's failure to award a certificate of appealability on the *Apprendi* point, Burrell argues it in a *pro se* supplemental brief filed with this court. We may, of course, "amend [a] COA to include ... [an] issue" not certified by the district court if the petitioner demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Cotto v. Herbert,* 331 F.3d 217, 237 (2d Cir.2003) (citation omitted). We decline to do that in this case because (1) Burrell's *Apprendi* claim is foreclosed by our decisions in *United States v. Thomas,* 274 F.3d 655 (2d Cir.2001) (in banc), and *United States v. Garcia,* 240 F.3d 180 (2d Cir.2001), which we have recently declined to reconsider despite the Supreme Court's decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *see United States v. Mincey,* 380 F.3d 102 (2d Cir.2004); (2) even if Burrell could establish an *Apprendi* error in his case, the law is clear that *Apprendi* cannot be applied retroactively on a collateral challenge to a conviction, *see Coleman v. United States,* 329 F.3d 77, 88–90 (2d Cir.2003); *see also Schriro v. Summerlin,* —— U.S. ——, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004); and (3)

## Discussion

### I. Standard of Review

 This court reviews the district court's denial of a § 2255 motion *de novo. See Kaminski v. United States,* 339 F.3d 84, 86 (2d Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 948, 157 L.Ed.2d 762 (2003). Specifically, it considers *de novo* the district court's conclusion that judgments based on *Alford* pleas qualify as convictions under Connecticut law and, therefore, as predicates for § 922(g)(1). *See Chang v. United States,* 250 F.3d 79, 82 (2d Cir.2001) (questions of law raised in § 2255 motion are reviewed *de novo* ).

 Preliminarily, we note that because Burrell's *Alford*-based challenge is raised in support of a claim of actual innocence, Burrell is excused from any procedural default of this argument on direct appeal. *See Rosario v. United States,* 164 F.3d 729, 732 (2d Cir.1998) (citing *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). This is significant because Burrell could have raised this challenge at any time in his federal prosecution, even before his 1990 Connecticut conviction was vacated. Thus, we conclude that he could not show good cause to excuse his default and that only the claim of actual innocence allows his

challenge to be heard. *See generally Dretke v. Haley,* —— U.S. ——, ——, 124 S.Ct. 1847, 1852, —— L.Ed.2d ——, —— (2004) (holding that "a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default").

### II. The Federal Prohibition on Firearms Possession by Convicted Felons

 Title 18 U.S.C. § 922(g) states, in pertinent part: "It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess ... any firearm or ammunition ...." As the Supreme Court has explained, this proscription was one of several measures enacted by Congress to "prohibit[ ] categories of presumptively dangerous persons" from possessing firearms. *Lewis v. United States,* 445 U.S. 55, 64, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980).[6] In determining whether a defendant "has been convicted" of the predicate felony required by § 922(g)(1), the determinate factor is defendant's criminal record at the time of the charged possession. As this court has observed, it is the "mere fact of [a prior] conviction" at the time of

an *Apprendi* error would, in any event, be harmless in this case because it would not result in the reversal of Burrell's conviction, only resentencing, since (a) he has completed serving the originally imposed term of incarceration, and (b) it is the fact of his conviction not the length of his sentence that now affects his deportation, *see* 8 U.S.C. § 1227(a)(2)(A)(iii); *see also id.* § 1101(a)(43)(E)(ii) (including § 922(g) convictions within definition of "aggravated felony").

Accordingly, in this decision, we limit our review to Burrell's *Alford*-based challenge.

**6.** In *Lewis v. United States,* the Supreme Court interpreted the predecessor provision

to § 922(g)(1), 18 U.S.C.App. § 1202(a)(1), which prohibited, *inter alia,* the possession of any firearm by a person convicted of a felony in a court of the United States or a state or political subdivision thereof. *See* Omnibus Crime Control and Safe Streets Act of 1968, Pub.L. No. 90–351, § 1202(a)(1), 82 Stat. 197, 236 (1968), *repealed by* Firearms Owners' Protection Act, Pub.L. No. 99–308, § 104(b), 100 Stat. 449, 459 (1986); *see also* Firearms Owners' Protection Act, § 102(6)(D), 100 Stat. at 452 (amending 18 U.S.C. § 922(g) to prohibit possession of firearms by person convicted of a crime punishable by imprisonment for longer than one year).

the charged possession, not the "reliability" of the conviction, that establishes the § 922(g)(1) predicate. *Bonfiglio v. Hodden*, 770 F.2d 301, 306 (2d Cir.1985) (internal quotation marks omitted). Thus, a § 922(g)(1) conviction is "not subject to attack on the ground that a predicate conviction is subsequently reversed, vacated or modified." *Id.* at 304–05 (emphasis omitted); *see Lewis v. United States*, 445 U.S. at 64, 100 S.Ct. 915 (observing that "to limit the scope of [§ ] 922(g)(1) … to a validly convicted felon would be at odds with the statutory scheme as a whole"). "Congress clearly intended" that a defendant with a felony conviction on his record "clear his status before obtaining a firearm." *Bonfiglio v. Hodden*, 770 F.2d at 304 (citation and emphasis omitted).

Within our federal system, questions may arise as to exactly what constitutes a felony conviction for purposes of § 922(g)(1). Congress has decreed that the answer "shall be determined in accordance with the law of the jurisdiction in which [the prior criminal] proceedings [against the defendant] were held." 18 U.S.C. § 921(a)(20). Thus, in considering Burrell's claim that no valid predicate felony conviction supports his § 922(g)(1) judgment, we look to the law of Connecticut, the state where he pleaded in 1990 to assault and weapons charges.

### III. *Alford Pleas as the Basis for Convictions under Connecticut Law*

■ Burrell does not argue that the assault and weapons charges to which he pleaded are not felony crimes under Connecticut law. Instead, he asserts that Connecticut does not treat criminal judgments based on *Alford* pleas as "convictions." We disagree.

■ In discussing *Alford* pleas, the Connecticut Supreme Court recently observed that "[a] guilty plea under the *Al-*ford doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." *State v. Faraday*, 842 A.2d at 588 (internal quotation marks omitted). At the same time, however, the court made plain that an *Alford* plea results in the defendant's conviction on the crime at issue to the same extent as any other guilty plea: "The entry of a guilty plea under the *Alford* doctrine carries the same consequences as a standard plea of guilty. By entering such a plea, a defendant may be able to avoid formally admitting guilt at the time of sentencing, but he nonetheless consents to being treated as if he were guilty with no assurances to the contrary." *Id.*

Certainly, the severe penal consequences that can attend an *Alford* plea indicate that there is no reason to distinguish convictions so obtained from those secured by standard guilty pleas or even jury verdicts. *See, e.g., Annunziata v. Comm'r of Corr.*, 74 Conn.App. 9, 810 A.2d 287, 288 (Conn.App.Ct.2002) (per curiam) (noting that petitioner who entered *Alford* plea to murder charge was sentenced to a forty-year prison term); *Braham v. Comm'r of Corr.*, 72 Conn.App. 1, 804 A.2d 951, 954 (2002) (noting thirty-two year sentence after *Alford* plea to murder). Further, sentences under *Alford* pleas are no less final judgments than those imposed under standard pleas or jury verdicts. Connecticut law provides that "[i]n a criminal case, the imposition of sentence constitutes the appealable final judgment," *State v. Figueroa*, 22 Conn.App. 73, 576 A.2d 553, 555 (1990) (citing *State v. Seravalli*, 189 Conn. 201, 455 A.2d 852, 854 (1983)), and there is no question that a sentence imposed after an *Alford* plea may be challenged on appeal as a final judgment, *see,*

*e.g., State v. Pagan,* 75 Conn.App. 423, 816 A.2d 635 (2003) (appeal from denial of motion to correct illegal sentence imposed after *Alford* plea); *see also* Conn. Gen. Stat. §§ 51–197a, 52–263 (providing for appeal from "final" judgment).

Even where, as in Burrell's case, an *Alford* plea results in a sentence of probation rather than a term of incarceration, there is reason to conclude that Connecticut views the disposition as a final judgment of conviction. This is because state law expressly provides that "[a] sentence to a period of probation ... shall be deemed a revocable disposition [only] to the extent that it may be altered or revoked ... but for all other purposes it shall be deemed to be a *final judgment of conviction.*" Conn. Gen.Stat. § 53a–28(d) (emphasis added).[7]

To the extent Connecticut law does draw a distinction between *Alford* and nolo contendere pleas on the one hand, and standard guilty pleas on the other, it is not in the fact of conviction, but in the evidentiary use that can be made of these different pleas as admissions of factual guilt in subsequent proceedings:

> A guilty plea under the *Alford* doctrine is the functional equivalent to an unconditional plea of nolo contendere which itself has the same legal effect as a plea of guilty on all further proceedings within the indictment. The only practical difference is that the plea of nolo contendere may not be used against the defendant as an admission in a subsequent criminal or civil case.

*State v. Faraday,* 842 A.2d at 588 n. 17 (alterations, internal citations, and quotation marks omitted); *see also Town of Groton v. United Steelworkers of Am.,* 254 Conn. 35, 757 A.2d 501, 510 (2000) (and cases cited therein).

■ The cited passage makes two points. The first sentence emphasizes that there is no distinction among *Alford,* nolo contendere, and standard guilty pleas in the disposition of criminal cases. All three pleas have "the weight of a final adjudication of guilt" and, thus, result in judgments of conviction. *Town of Groton v. United Steelworkers of Am.,* 757 A.2d at 510 (discussing nolo contendere pleas). For precisely this reason, Burrell's case is readily distinguishable from *United States v. Willis,* 106 F.3d 966, 968–69 (11th Cir.1997), which held that a nolo contendere plea accepted under a state procedure that allowed a court to withhold adjudication of guilt did not constitute a conviction under Florida law. As the Eleventh Circuit itself clarified in *United States v. Drayton,* "a nolo contendere plea where adjudication is not withheld or where there is subsequently an adjudication of guilt is a conviction under Florida law," 113 F.3d 1191, 1193 (11th Cir.1997). The same pertains under Connecticut law.

■ The second point made in the quoted *Faraday* excerpt indicates the evidentiary limits Connecticut places on attempts to use *Alford* and nolo contendere pleas as admissions of factual guilt in subsequent proceedings. Specifically, Connecticut does not embrace the view expressed by this court in *Pfotzer v. Aqua*

---

**7.** Indeed, Connecticut law explicitly provides that a sexual offender convicted upon an *Alford* or nolo contendere plea may be found in violation of his probation if he refuses to acknowledge the commission of his charged acts when participating in mandated sexual offender treatment. *See* Conn. Gen.Stat. § 53a–32a. The Connecticut Supreme Court recently clarified that revocation of probation in such circumstances is not "inconsistent with [a] guilty plea under the *Alford* doctrine." *See State v. Faraday,* 842 A.2d at 587. *Faraday* rejected "the view that a guilty plea under the *Alford* doctrine carries greater constitutional significance [in this area] than [does] a standard guilty plea." *Id.* at 588.

*Systems, Inc.*, that nolo contendere pleas "indubitably ... admit the [charged] facts and [are] intended to do so," 162 F.2d 779, 785 (2d Cir.1947) (L.Hand, J.); *see Sokoloff v. Saxbe*, 501 F.2d 571, 574 (2d Cir. 1974) (quoting *Pfotzer* and noting majority view that there is no valid distinction between an *Alford* or nolo contendere plea and a standard guilty plea). Indeed, in *Town of Groton v. United Steelworkers of America*, the Connecticut Supreme Court acknowledged that Connecticut law limiting use of "an admission of guilt or the fact of criminal conduct" in subsequent civil and criminal proceedings "is not the universally held view." 757 A.2d at 510 & n. 13. Connecticut considers any "tacit admission" implicit in nolo contendere and *Alford* pleas as too "inconclusive and ambiguous" to be given "currency beyond the particular case" in which the plea was entered. *Lawrence v. Kozlowski*, 171 Conn. 705, 372 A.2d 110, 115 n. 4 (1976). Thus, Connecticut will not permit *Alford* or nolo contendere pleas to be used to impeach the credibility of a party opponent on disputed facts. *See Krowka v. Colt Patent Fire Arm Mfg. Co.*, 125 Conn. 705, 8 A.2d 5, 9 (1939) (precluding use of nolo contendere conviction for breach of peace and loitering to impeach plaintiff's claim that he had been assaulted by defendant's security guards). Nor may such pleas be used as evidence of acknowledged tortious conduct. *Cf. Lawrence v. Kozlowski*, 372 A.2d at 116–17 (holding that erroneous use of nolo contendere plea to negligent homicide as evidence of party's responsibility for fatal motor vehicle accident was harmless in light of other evidence). But in establishing an "admissions limitation" on the use of *Alford* and nolo contendere pleas, Connecticut courts have never suggested that the judgments resulting from such pleas are not "convictions" under state law, and it is that fact alone, not the evidentiary limitations Connecticut may place on the subsequent use of certain convictions, that is determinative for purposes of applying 18 U.S.C. §§ 921(a)(20) and 922(g)(1).

Our conclusion that Connecticut's admission limitation does not alter the fact that an *Alford* or nolo contendere plea results in a criminal conviction under state law is reinforced by a number of exceptions to this rule. Notably, Connecticut has declined to extend the rule to arbitration proceedings, *see Town of Groton v. United Steelworkers of Am.*, 757 A.2d at 512 (holding that it would violate Connecticut public policy to require an employer to reinstate an employee convicted upon a nolo contendere plea to embezzlement), probation violation hearings, *see State v. Daniels*, 248 Conn. 64, 726 A.2d 520, 524 (1999) ("We recognize that the defendant's conviction based on his *Alford* plea would establish a violation of the conditions of the defendant's probation ...."), and child custody suits, *see Godin v. Godin*, 1995 WL 491420, at *2, No. FA9353345 S, 1995 Conn.Super. LEXIS 2333, at *4 (Conn.Super.Ct. Aug.8, 1995) (noting, for purposes of child custody order, that the "fact that [the father] entered '[A]lford' pleas to these [sexual assault] charges does not alter the fact of conviction").

Indeed, where the relevant issue is simply the fact of a prior conviction, and not whether defendant admitted the charged criminal conduct, Connecticut law appears not to limit the use of convictions based on *Alford* and nolo contendere pleas. In *Allstate Insurance Co. v. Simansky*, a case involving obligations under an insurance policy with an exclusion clause for injuries resulting from criminal acts, a Connecticut Superior Court ruled that a conviction for assault based on a plea of nolo contendere could be considered, explaining: "For purposes of the exclusion, the conviction cannot be disregarded as if it did not happen. It did happen, and in so happening trig-

gered the exclusion." 45 Conn.Supp. 623, 738 A.2d 231, 235 (1998).

The same logic pertains here. The conviction predicate for 18 U.S.C. § 922(g)(1) is not concerned with the conduct at issue in a felony conviction but only with the fact that such a conviction is on the record at the time of the alleged firearms possession. Where that fact is established, it does not matter whether the defendant did or did not admit the charged conduct; "the conviction cannot be disregarded as if it did not happen." Indeed, as already noted, that conclusion pertains even if the record conviction is subsequently vacated. See Lewis v. United States, 445 U.S. at 64, 100 S.Ct. 915; Bonfiglio v. Hodden, 770 F.2d at 304–05.

Accordingly, while we recognize that Connecticut courts place some limitations on the use of Alford and nolo contendere pleas as admissions of charged criminal conduct, we reject Burrell's argument that this somehow renders the judgments entered after sentence on such pleas something less than "convictions" under Connecticut law or that such judgments of conviction cannot qualify as the predicates required by § 922(g)(1).

### Conclusion

Because Burrell has failed to establish that his 1990 Alford pleas to assault and weapons possession did not result in a felony conviction under Connecticut law, he cannot demonstrate that he is actually innocent of his 1995 federal conviction for violating 18 U.S.C. § 922(g)(1). Accordingly, the district court's order of August 22, 2002, denying Burrell's § 2255 motion to vacate that conviction is hereby AFFIRMED and our order staying Burrell's deportation is hereby lifted.