United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60785
Summary Calendar

JOHN COURTNEY FRASER, also known as Andrew Burrell,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A90 234 737
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

John Courtney Fraser seeks review of the BIA order finding him removable. Finding no error, we deny the petition.

As a threshold matter, we have jurisdiction to review Fraser's constitutional claims and questions of law pursuant to the REAL ID Act. See 8 U.S.C. § 1252(a)(2)(D); Hernandez-Castillo v. Moore, 436 F.3d 516, 518 (5th Cir. 2006), petition for cert. filed (Mar. 28, 2006) (No. 05-1251). We reject Fraser's contention that he suffered any due process violation as a result of the conversion of his habeas petition to a petition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for review and its transfer to this court, as Fraser has failed to demonstrate how he has been prejudiced.

We review the Immigration Judge's findings, adopted by the BIA, for substantial evidence, with great deference given to the IJ's credibility determinations. Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002). Fraser contends that the IJ erred in concluding that he was removable due to an aggravated felony conviction for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(2). Fraser argues that his underlying state convictions forming the basis of his § 922(g)(2) conviction were vacated, thereby invalidating his conviction. This contention is without merit, as Fraser's conviction was upheld on both direct and collateral review. See Burrell v. United States, 384 F.3d 22, 24-25 (2d Cir. 2004). Fraser cannot collaterally attack the validity of either his state or his federal convictions in an immigration proceeding. See Brown v. INS, 856 F.2d 728, 731 (5th Cir. 1988). Further, Fraser's § 922(g)(2) conviction constitutes an aggravated felony conviction for purposes of removal, and it did so at the time of Fraser's conviction. See 8 U.S.C. § 1101(a)(43)(E)(ii) (1994); 8 U.S.C. § 1227(a)(2)(A)(iii). The IJ also properly denied asylum and cancellation of removal due to the aggravated felony. See 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i); 8 U.S.C. § 1229b(a)(3).

In addition, the IJ did not err in denying discretionary relief under § 212(c) of the former INA, because in 1990, the INA

was amended to preclude such relief for aliens convicted of aggravated felonies who, like Fraser, had served more than five years in prison. See INS v. St. Cyr, 533 U.S. 289, 295 (2001). Fraser's contention that the INS delayed in seeking removal prejudiced him because it eliminated the possibility of § 212(c) relief is likewise without merit, as an alien has no due process liberty interest in § 212(c) relief. See Nguyen v. District Director, Bureau of ICE, 400 F.3d 255, 259 (5th Cir. 2005).

The IJ also denied relief pursuant to the United Nations Convention Against Torture (CAT). Fraser's brief fails to address the merits of his CAT claim. Moreover, the IJ's conclusion was supported by substantial evidence as Fraser failed to adduce any evidence that he faced torture at the hands of government officials or persons acting with government acquiescence. See 8 C.F.R. § 1208.18(a)(1).

Fraser next complains that the BIA erroneously denied his motion for reconsideration as untimely, asserting that he should be given the benefit of the prison mailing rule applicable in other cases. This argument is without merit. See Smith v. Conner, 250 F.3d 277, 279 & n.14 (5th Cir. 2001). Moreover, the BIA concluded that it would deny the motion on the merits even it had been timely.

Fraser also asserts that the IJ should have transferred venue to New York from Louisiana. Our review of the record reveals no abuse of the IJ's broad discretion to determine

whether to grant a motion to transfer venue.  See Chow v. INS, 12 F.3d 34, 39 (5th Cir. 1993).

Finally, Fraser complains that he was denied access to counsel, to witnesses, and to the Jamaican consulate.  However, the IJ repeatedly continued the proceedings to allow Fraser to seek counsel, obtain documents, and complete his CAT application.  Fraser ultimately was unable to retain counsel or contact the consulate, although he did contact the High Commissioner for Refugees.  Fraser has failed to show that the proceedings were fundamentally unfair such that he was denied due process.  See Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.