24-970-cv
Brown v. Mellekas

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand twenty-five.

PRESENT:  JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, JR.,
          RICHARD J. SULLIVAN,
              *Circuit Judges*.

------------------------------------------------------------------

RALSTON BROWN,

     *Plaintiff-Appellant*,

   v.                                                          No. 24-970-cv

MELLEKAS, POLICE OFFICER COL.; IN THEIR INDIVIDUAL CAPACITY, DEPARTMENT OF STATE POLICE, SUPERIOR FOR THE CONNECTICUT; IN HIS OR HER INDIVIDUAL CAPACITY, MATTHEW GARCIA, POLICE OFFICER SAG.; IN THEIR INDIVIDUAL

CAPACITY,

*Defendants-Appellees.**

-------------------------------------------------------------------

FOR APPELLANT:                    Ralston Brown, *pro se*,
                                  Bridgeport, CT

FOR APPELLEES:                    David C. Yale, Assistant
                                  Attorney General, *for* William
                                  Tong, Attorney General for the
                                  State of Connecticut, Hartford,
                                  CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey Alker Meyer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Ralston Brown, proceeding *pro se*, appeals from a judgment of the United States District Court for the District of Connecticut (Meyer, *J.*) dismissing his complaint under 42 U.S.C. § 1983 against three Connecticut State Police officers. The complaint arises from the enforcement of a state law requirement that Brown register as a sex offender for a conviction that predated the existence of

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

2

Connecticut's registry law. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "[S]ubmissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quotation marks omitted). To survive a Rule12(b)(6) motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Based on a guilty plea entered pursuant to *North Carolina v. Alford,* 400 U.S. 25 (1970) (an "Alford plea"), Brown was convicted in 1993 in Connecticut state court of conspiracy to engage in third-degree sexual assault. Connecticut subsequently enacted legislation requiring the registration of sex offenders and made the requirement retroactive for anyone "convicted" of sexually violent

offenses, including Brown's count of conviction. Conn. Gen. Stat. § 54-252 (Connecticut's "Megan's Law"). Brown argues that the retroactive application of Megan's Law—particularly its residence verification requirement—violates the Ex Post Facto Clause. U.S. Const. art. I, § 9, cl. 3. He asserts that the Connecticut sex offender registration scheme is unconstitutional because when he entered an *Alford* plea, he did not know that he would later be required to register as a sex offender. We are not persuaded. "To violate the Ex Post Facto Clause . . . a law must be retrospective—that is, it must apply to events occurring before its enactment—and it must disadvantage the offender affected by it, by altering the definition of criminal conduct or increasing the punishment for the crime." *U.S. Sec. & Exch. Comm'n v. Ahmed*, 72 F.4th 379, 401 (2d Cir. 2023) (quotation marks omitted). A non-punitive legislative act that is applied retroactively does not violate the Ex Post Facto Clause. *Smith v. Doe*, 538 U.S. 84, 106 (2003). And the United States Supreme Court and this Court have described as not punitive state laws that are similar in every relevant way to Connecticut's Megan's Law. *Id.* at 105–06 (Alaska); *Doe v. Cuomo*, 755 F.3d 105, 109–12 (2d Cir. 2014) (New York); *Roe v. Office of Adult Probation*, 125 F.3d 47, 48 (2d Cir. 1997) (holding that Connecticut's Office of Adult Probation sex offender notification policy is not punitive). The

4

Connecticut Supreme Court has similarly "conclude[d] that [Connecticut's Megan's Law] is regulatory and not punitive in nature." *State v. Kelly*, 256 Conn. 23, 94 (2001); *Goguen v. Comm'r of Corr.*, 341 Conn. 508, 530–31 (2021).

Brown next claims that his procedural due process rights were violated because the registration requirement was imposed without a hearing regarding his future dangerousness. We reject this argument because, as the United States Supreme Court observed, "Connecticut . . . has decided that the registry requirement shall be based on the fact of previous conviction, not the fact of current dangerousness." *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003); *see id.* at 7–8. Because "an *Alford* plea results in the defendant's conviction on the crime at issue to the same extent as any other guilty plea," *Burrell v. United States*, 384 F.3d 22, 28 (2d Cir. 2004), Brown was subject to the registration requirement based on a valid conviction.

Brown likewise suggests that the registration requirement violates his substantive due process right to privacy. For the reasons stated in decisions that have addressed similar challenges, we reject that challenge as well. *See Cuomo*, 755 F.3d at 114. Here, too, Brown has failed to allege government conduct that "may fairly be said to shock the contemporary conscience." *Goe v. Zucker*, 43

F.4th 19, 30 (2d Cir. 2022) (quotation marks omitted).

We also reject Brown's argument that the District Court erroneously rejected his claim that the Defendants-Appellees, who were sued in their individual capacities, violated his 1993 plea. We agree with the District Court that Brown failed to allege that the Defendants-Appellees were personally involved in his 1993 plea, conviction, or sentence in order for them to be liable in their individual capacities. *See Kravitz v. Purcell*, 87 F.4th 111, 129 (2d Cir. 2023).

Finally, the District Court did not abuse its discretion in denying Brown's motion for judicial estoppel.[1] *See Clark v. AII Acquisition, LLC*, 886 F.3d 261, 265 (2d Cir. 2018). The Defendants-Appellees were not parties to the state court criminal case against Brown. They accordingly did not adopt an "earlier position" that conflicts with their current position, as is required for judicial estoppel to apply. *See United States v. Swartz Fam. Tr.*, 67 F.4th 505, 519 (2d Cir. 2023) (quotation marks omitted).

---

[1] Brown maintains that the registration requirement frustrates the purpose of his plea bargain. It is unclear whether this argument is the same breach of contract argument Brown made before the District Court or whether it is newly raised on appeal and therefore forfeited. In any event, we reject the argument because Connecticut's registration requirement did not render Brown's plea agreement "valueless" to him. *United States v. Gen. Douglas MacArthur Senior Vill.*, 508 F.2d 377, 381 (2d Cir. 1974).

**CONCLUSION**

We have considered Brown's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court