Argued and submitted December 14, 2004, reversed on appeal; affirmed on cross-appeal; remanded for entry of judgment denying petition for post-conviction relief December 7, 2005, petition for review allowed May 31, 2006 (340 Or 672)

MICHAEL JON BAILEY,
*Respondent - Cross-Appellant,*

*v.*

Robert LAMPERT,
Superintendent,
Snake River Correctional Institution,
*Appellant - Cross-Respondent.*

02-05-2014M; A124795

125 P3d 771

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Marc D. Brown argued the cause and filed the brief for respondent - cross-appellant.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

LINDER, J.

## LINDER, J.

Petitioner in this post-conviction proceeding was convicted in 2000 of two charges of felon in possession of a firearm, ORS 166.270, based on his stipulation that he knowingly possessed two assault firearms at a time when he stood convicted of a 1995 sexual assault felony. Approximately three years later, a federal court reversed the underlying 1995 sexual assault felony after determining that it was obtained in violation of petitioner's constitutional discovery rights. *See Bailey v. Rae*, 339 F3d 1107 (9th Cir 2003). Petitioner then filed this post-conviction proceeding seeking relief from his felon-in-possession convictions. Among other grounds, he asserted that, because the predicate 1995 felony conviction had been invalidated by the federal court, his felon-in-possession convictions were no longer valid as well. The post-conviction court agreed and granted relief on that ground. The state appeals, challenging the post-conviction court's decision. Petitioner cross-appeals, challenging the post-conviction court's denial of relief on other grounds.[1] We affirm on the cross-appeal without discussion. As we explain below, on the state's appeal, we agree that the grant of post-conviction relief was error. We therefore reverse and remand for entry of a judgment denying the petition for post-conviction relief.

The issue presented by the state's appeal is a legal one: Are petitioner's felon-in-possession convictions invalid because the 1995 felony on which they were predicated was later invalidated on constitutional grounds? On appeal, the parties renew the arguments that they made to the post-conviction court. Petitioner again argues that, under the federal Fifth Amendment Due Process Clause, an unconstitutional conviction is "void *ab initio*" and is invalid for all purposes. According to petitioner, it is "as if that conviction never existed," and his firearm convictions, therefore, must be invalidated, even though his 1995 predicate felony conviction was in place when petitioner knowingly possessed two

---

[1] More specifically, petitioner challenges the post-conviction court's rejection of his claim of inadequate assistance of appellate counsel based on counsel's failure to pursue a claim that the two felon-in-possession convictions should have merged for purposes of sentencing or conviction.

firearms. The state argues, in response, that due process principles do not compel that result. Rather, according to the state, a state may prohibit the possession of a firearm based on a person's status as a felon, unless and until that status is removed. Thus, when a felon chooses to possess a firearm without first seeking relief from the predicate felony conviction, a firearm conviction based on that conduct is not constitutionally infirm.

We begin our analysis with the United States Supreme Court decision in *Lewis v. United States*, 445 US 55, 100 S Ct 915, 63 L Ed 2d 198 (1980), which is all but dispositive. The defendant in *Lewis* had been convicted in state court of a felony. That conviction had never been challenged or overturned. Approximately 16 years later, the defendant possessed a firearm, in violation of federal law.[2] At his federal trial for possession of a firearm, the defendant sought to collaterally attack the underlying state felony conviction by proving that it had been obtained in violation of his right to counsel under *Gideon v. Wainwright*, 372 US 335, 83 S Ct 792, 9 L Ed 2d 799 (1963). The defendant asserted that he was entitled to make that collateral attack because use of the uncounseled state conviction as a predicate for the firearm offense violated due process principles.

The Supreme Court rejected the defendant's argument. In doing so, the Court assumed, for purpose of its analysis, that the conviction was invalid and subject, at least for some purposes, to collateral attack under *Gideon*. *Lewis*, 445 US at 58. The Court then examined the text of the federal felon-in-possession statute, observing that it prohibited, in unambiguous terms, the possession of a firearm by "any person who 'has been convicted by a court of the United States or of a State * * * of a felony'." *Id.* at 60. That language suggested no restriction or limitation on the scope of the term "convicted." *Id.* Because of the broad sweep of the prohibition, the Court concluded that Congress intended "the fact of a felony conviction" to disable the convicted person from possessing a firearm "until the conviction is vacated" or the felon is otherwise relieved of his status as a felon. *Id.* at 60-61.[3] In

---

[2] At the time, the federal crime of felon-in-possession was codified at 18 USC section 1202(a)(1) (1976). It now is codified at 18 USC section 922(g)(1).

[3] The Court's view of the significance of the plain text was bolstered by the statute's context and legislative history. In particular, the Court noted that the statute

other words, "Congress clearly intended that the defendant clear his status *before* obtaining a firearm." *Id.* at 64 (emphasis in original).

With that understanding of the federal statute, the Court turned to the defendant's due process argument. The Court concluded that using an invalid conviction to prohibit a defendant from carrying a firearm did not violate the federal Due Process Clause because there was a rational basis to believe that a felony conviction, even if invalid, is an adequate basis on which to prohibit firearm possession. *Id.* at 65-66. The Court recognized that such a conviction cannot be used for some purposes, such as witness impeachment or sentence enhancement.[4] But it cautioned that it had "never suggested that an uncounseled conviction is invalid for all purposes." *Id.* at 66-67. The Court reasoned that, unlike the use of a prior conviction for witness impeachment or sentence enhancement, the federal felon-in-possession prohibition "focus[es] not on reliability, but on the mere fact of conviction * * * in order to keep firearms away from potentially dangerous persons." *Id.* at 67. Because of that difference, the Court concluded that due process principles did not require permitting the defendant to collaterally attack the validity of a predicate felony conviction that was on record at the time of the firearms offense. *Id.*

*Lewis*, thus, was a case in which, in the course of the felon-in-possession trial, the defendant sought to collaterally attack the predicate felony conviction as a defense. Here, the procedural posture differs. Petitioner raised no defense to the felon-in-possession charges and was tried on his stipulation that he knowingly possessed two assault firearms at a time when he stood convicted of a felony sexual assault crime. Instead of attempting to collaterally attack the predicate 1995 felony conviction during his felon-in-possession trial,

---

provided for limited exceptions to the reach of the prohibition (*e.g.*, one who has been pardoned), but that no exception was made "for a person whose outstanding felony conviction ultimately might turn out to be invalid for any reason." *Id.* at 62. In consulting the legislative history, the Court identified "nothing to suggest that Congress was willing to allow a defendant to question the validity of his prior conviction as a defense" to a felon-in-possession charge. *Id.*

[4] As examples, the court cited *Loper v. Beto*, 405 US 473, 92 S Ct 1014, 31 L Ed 2d 374 (1972) (witness impeachment); *United States v. Tucker*, 404 US 443, 92 S Ct 589, 30 L Ed 2d 592 (1972) (sentence enhancement); *Burgett v. Texas*, 389 US 109, 88 S Ct 258, 19 L Ed 2d 319 (1967) (recidivist statute).

petitioner pursued that collateral attack separately. He obtained federal habeas corpus relief approximately three years later and only *then* brought this post-conviction proceeding seeking to set his firearms convictions aside.

That procedural difference, however, does not alter the analysis. As lower federal courts uniformly have concluded, the rationale in *Lewis* applies equally to cases, such as this one, in which a person eventually obtains relief from a predicate felony, but did not do so before knowingly taking possession of a firearm. *See, e.g., U. S. v. Padilla*, 387 F3d 1087, 1092 (9th Cir 2004) (even when a predicate felony conviction is void *ab initio*, the conviction must be invalidated before the felon takes possession of a firearm; later relief will not invalidate the felon-in-possession conviction on which it was predicated); *Burrell v. U. S.*, 384 F3d 22, 27-28 (2d Cir 2004) (petitioner not entitled to relief where predicate felony conviction was not set aside until after felon-in-possession conviction); *U. S. v. Wallace*, 280 F3d 781, 784 n 1 (7th Cir 2002) (same); *U. S. v. Snyder*, 235 F3d 42, 52-53 (1st Cir 2000) (same); *U. S. v. Kahoe*, 134 F3d 1230, 1231-32 (4th Cir 1998) (same). The key inquiry is whether petitioner removed his felon status before committing the alleged firearms offense, not before bringing his collateral attack on that offense.

■　　　Thus, petitioner's argument proceeds from a false premise. Contrary to petitioner's position, a constitutionally invalid conviction is not "invalid for all purposes." Nor is it as if that conviction "never existed." Rather, when possession of a firearm is prohibited based on the fact of a prior felony conviction rather than the reliability of that conviction, the person's status as a felon is a valid basis for imposition of a firearm disability. That remains true unless and until the prior conviction is invalidated or the felon status is otherwise removed. Said another way, for such a felon-in-possession statutory scheme, and consistently with due process principles, invalidation of the predicate felony operates *prospectively*, but not retrospectively, to remove a person's status as a felon as of the date of invalidation. A person who knowingly possesses a firearm while the predicate felony is in place, even if it is later invalidated, is not entitled to relief from the felon-in-possession conviction on the existential theory that

the predicate felony conviction never existed, the person was never a felon as a result of it, and the person was never thereby prohibited from possessing a firearm.

The remaining question is whether Oregon's felon-in-possession statute, like the federal statute at issue in *Lewis*, similarly focuses on a person's status as a felon, rather than the reliability of the predicate conviction. Following the familiar methodology for statutory interpretation outlined in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993), we begin with the statute's text and context.

As pertinent here, ORS 166.270[5] provides:

"(1) Any person who *has been convicted* of a felony [under state or federal law], who owns or has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm.

"* * * * *

"(4) Subsection (1) of this section does not apply to any person who has been:

"(a) Convicted of only one felony * * * and who has been discharged from imprisonment, parole or probation for said offense for a period of 15 years prior to the date of the alleged violation of subsection (1) of this section; or

"(b) *Granted relief* from the disability under 18 U.S.C. 925(c) or *has had* the person's record expunged under the laws of this state or equivalent laws of another jurisdiction."

(Emphasis added.)

■ ORS 166.270(1) applies broadly to any person who *has been convicted* of a felony. By its terms, the statute is clear and unqualified: the mere fact of a felony conviction imposes a firearms disability on a person who stands convicted of a felony offense. The statute does not require the state to establish the validity of the conviction or that the conviction will survive all possible appeals or collateral challenges. Rather, on entry of judgment of conviction for a felony, a person "has been convicted" of a felony for purposes of

---

[5] ORS 166.270 was amended in 2003. Those amendments do not, however, affect our analysis. Therefore, all citations refer to the current version.

ORS 166.270(1) and is subject to the prohibition on possession of a firearm. *See State v. Dintelman*, 112 Or App 350, 353, 829 P2d 719 (1992) (a person is "convicted of a felony" for purposes of ORS 166.270 upon a determination of guilt and entry of the judgment of conviction). The plain import of that language is that, unless and *until* either that conviction is set aside or the person's status as a felon is otherwise removed, the prohibition remains.

That conclusion is reinforced by the exceptions set forth in subsection (4), which is context for subsection (1). In particular, under paragraph (4)(b), a person who *has been granted* relief under 18 USC section 925(c)[6] from the disability is not prohibited from possessing a firearm. Likewise, a person who *has had* the predicate felony expunged from his or her record is not prohibited from possessing a firearm. Those exceptions plainly remove the firearm disability *once* the relief is obtained—that is, the disability is removed prospectively. The statute does not provide, expressly or implicitly, for "decriminalizing" a violation of the prohibition if the predicate felony is *later* expunged, removed, or successfully challenged. *See generally State v. Anderson*, 10 Or App 34, 37, 497 P2d 1218 (1972) (rejecting argument that the defendant was not a "convicted felon" because his conviction was pending on appeal); *State v. Brown*, 7 Or App 5, 7-8, 488 P2d 856 (1971), *rev'd on other grounds*, 262 Or 442, 497 P2d 1191 (1972) ("Policy considerations underlying the prohibition against convicted felons carrying concealable firearms support a holding that the pendency of an appeal should not affect the conviction underlying the prohibition.").[7]

In sum, we conclude that the prohibition against firearm possession in ORS 166.270(1) focuses on a person's status as a convicted felon when he or she possesses a firearm, not on the subsequent validity of that status. Oregon's felon-in-possession statute, like the federal law, "reflect[s]

---

[6] That federal provision is not applicable here. It provides for relief from a federal firearms prohibition on special application to the United States Attorney General.

[7] *Cf. State v. Sims*, 335 Or 269, 274, 66 P3d 472 (2003) (interpreting similar statute and concluding that, in felony driving-while-revoked prosecution, the state had to prove only the fact that the driver's license was revoked, not the validity of the revocation).

'the desireablity of a clear, bright line in respect to gun possession: one who has a felony conviction on the books, a conviction not yet set aside, should simply know not to possess a gun.' " *Snyder*, 235 F3d at 53 (quoting *U. S. v. Paleo*, 9 F3d 988, 989 (1st Cir 1992)). As a result,

> "the expungement, pardon, or restoration of civil rights (whether or not on the ground that the conviction was void *ab initio*) must occur before the erstwhile felon takes possession of a firearm. The [change to the person's felon status] operates only *prospectively*, so that *after* the expungement, pardon, or restoration of civil rights that felony conviction no longer serves to impose a firearm disability."

*Padilla*, 387 F3d at 1092 (emphasis in original). As the Supreme Court concluded in *Lewis*, such a policy choice has a rational basis and comports with due process. 445 US at 64-65. Consequently, in this case, because petitioner did not obtain federal habeas relief from his 1995 felony conviction before he engaged in the conduct that resulted in his two convictions for felon in possession, he is not constitutionally entitled to relief from those convictions. Accordingly, the trial court erred when it granted petitioner post-conviction relief.

Reversed on appeal; affirmed on cross-appeal; remanded for entry of judgment denying the petition for post-conviction relief.