Argued and submitted November 6, 2006, decision of Court of Appeals affirmed; judgment of circuit court reversed, and case remanded to circuit court for further proceedings February 8, 2007

## MICHAEL JON BAILEY,
*Petitioner on Review,*

*v.*

## Robert LAMPERT,
Superintendent,
Snake River Correctional Institution,
*Respondent on Review.*

(CC 02-05-201M; CA A124795; SC S53154)

153 P3d 95

See also 144 Or App 329, 927 P2d 157; 339 F3d 1107.

Andrew S. Chilton, Chilton, Ebbett & Rohr, LLC, Portland, argued the cause and filed the brief for petitioner on review.

Jennifer S. Lloyd, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before De Muniz, Chief Justice, and Carson, Gillette, Durham, Balmer, Kistler, and Walters, Justices.**

BALMER, J.

---

** Carson, J., retired December 31, 2006, and did not participate in the decision of this case. Linder, J., did not participate in the consideration or decision of this case.

## BALMER J.

The issue in this case is whether petitioner's convictions for being a felon in possession of a firearm must be set aside because the predicate conviction on which his status as a felon was based was overturned three years after the felon-in-possession convictions. The trial court set aside the felon-in-possession convictions, but the Court of Appeals reversed. *Bailey v. Lampert*, 203 Or App 45, 125 P3d 771 (2005). We allowed review and now affirm the decision of the Court of Appeals.

In 1995, a trial court convicted petitioner of felony sexual penetration in the first degree, ORS 163.411, and six related misdemeanor charges. His direct appeal was unsuccessful. *State v. Bailey*, 144 Or App 329, 927 P2d 157 (1996), *rev den*, 324 Or 654 (1997). In 2000, petitioner, by then a convicted felon, carried two firearms into a pawn shop to sell them. As a result, petitioner was indicted on two counts of being a felon in possession of a firearm in violation of ORS 166.270. He later was convicted of those charges in a trial based on stipulated facts. Petitioner appealed but then withdrew the appeal after his lawyer advised him that he could present no meritorious issues for appeal.

Meanwhile, petitioner successfully sought post-conviction relief from his 1995 convictions. In 2003, the Ninth Circuit Court of Appeals concluded that the 1995 convictions were invalid because the prosecutor had failed to disclose to the defense certain therapy reports regarding the victim and her mental state, in violation of *Brady v. Maryland*, 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963). *Bailey v. Rae*, 339 F3d 1107 (9th Cir 2003). Petitioner was not reprosecuted.

Subsequently, petitioner filed this action, seeking post-conviction relief from his felon-in-possession convictions on the ground that, because the federal appellate court had vacated his predicate felony conviction in 2003, his felon-in-possession convictions were invalid and likewise should be set aside. He also argued that his appellate counsel had been ineffective. The post-conviction court rejected the ineffective-assistance argument but granted post-conviction relief based on petitioner's argument that vacation of the predicate felony

conviction required reversal of his felon-in-possession convictions. The Court of Appeals disagreed, reasoning that petitioner had been a felon, under the terms of ORS 166.270, when he had possessed the firearms and concluding that the felon-in-possession convictions therefore were valid. *Bailey*, 203 Or App at 52-53. The Court of Appeals also concluded that petitioner's ineffective-assistance argument lacked merit. *Id.* at 47.

■ On review, petitioner again argues that the vacation of the predicate felony requires reversal of his felon-in-possession convictions. Petitioner first makes a statutory construction argument, asserting that the felon-in-possession statute requires a "constitutionally valid" predicate felony and, therefore, that a conviction under that statute must be set aside whenever a predicate felony is determined not to be constitutionally valid. Second, petitioner argues that, under Article I, section 11, of the Oregon Constitution, an invalid prior conviction cannot be used to enhance a defendant's punishment, citing this court's decision in *City of Pendleton v. Standerfer*, 297 Or 725, 688 P2d 68 (1984), *abrogated on other grounds by State v. Probst*, 339 Or 612, 626-28, 124 P3d 1237 (2005). Finally, petitioner makes a federal constitutional argument that is related to his statutory interpretation argument. He concedes that, in *Lewis v. United States*, 445 US 55, 100 S Ct 915, 63 L Ed 2d 198 (1980), the United States Supreme Court held that due process did not bar a federal felon-in-possession conviction even if the predicate felony conviction was unconstitutionally obtained and later might be overturned. He asserts, however, that, because ORS 166.270 requires a valid predicate felony conviction, a felon-in-possession conviction based on a predicate conviction that later is overturned violates the Due Process Clause of the Fourteenth Amendment.

We begin with petitioner's statutory argument. ORS 166.270(1) provides:

> "Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns or has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm."

ORS 166.270(3) defines the phrase "has been convicted of a felony."[1] Generally, a person " 'has been convicted of a felony' if, at the time of conviction for an offense, that offense was a felony under the law of the jurisdiction in which it was committed." To satisfy the elements of ORS 166.270(1), one must have been convicted of a felony and then possessed a firearm. That is all that the statute requires to convict a person of being a felon in possession of a firearm.

ORS 166.270(3) also sets out specific exceptions to ORS 166.270(1). Subsection (3) defines "conviction" as a "felony under the law of the jurisdiction in which it was committed" but then provides that a conviction "shall not be deemed" a felony conviction if (1) the trial court that entered the predicate conviction had "declared the conviction to be a misdemeanor at the time of judgment" or (2) the conviction was for marijuana possession and was before 1972. ORS 166.270(4)[2] creates two additional exceptions, one for a felon who has completed his sentence at least 15 years before the felon possesses the firearm and another for persons who have had their felony convictions expunged or have been granted relief under a specific federal statute. Defendant does not argue that any of the specific exceptions in ORS 166.270(3) or (4) apply to him.

---

[1] ORS 166.270(3) provides:

"For the purposes of this section, a person 'has been convicted of a felony' if, at the time of conviction for an offense, that offense was a felony under the law of the jurisdiction in which it was committed. Such conviction shall not be deemed a conviction of a felony if:

"(a) The court declared the conviction to be a misdemeanor at the time of judgment; or

"(b) The offense was possession of marijuana and the conviction was prior to January 1, 1972."

[2] ORS 166.270(4) provides:

"Subsection (1) of this section does not apply to any person who has been:

"(a) Convicted of only one felony under the law of this state or any other state, * * * and who has been discharged from imprisonment, parole or probation for said offense for a period of 15 years prior to the date of the alleged violation of subsection (1) of this section; or

"(b) Granted relief from the disability under 18 U.S.C. 925(c) or has had the person's record expunged under the laws of this state or equivalent laws of another jurisdiction."

"[R]elief from the disability" involves petitioning the United States Attorney General for special dispensation. *See* 18 USC § 925(c) (describing procedure).

Petitioner, however, contends that neither the text nor the context of ORS 166.270 provides a "compelling" answer to the question of whether an invalid predicate conviction can support a conviction for felon in possession of a firearm. In support of that basic argument, petitioner first asserts that the statute does not explicitly define the term "convicted of a felony." As to that assertion, petitioner is simply wrong. ORS 166.270(3), in fact, *does* define the term explicitly, as discussed above: a person "has been convicted of a felony" if the person was convicted of "an offense" that, at the time of conviction, "was a felony under the law of the jurisdiction in which it was committed." As a matter of statutory construction, ORS 166.270(3) makes it abundantly clear that an existing felony conviction in a court of competent jurisdiction is a sufficient predicate for a subsequent felon-in-possession conviction.

That conclusion is supported by the two exceptions that ORS 166.270(4)(b) provides to the prohibition on a felon's possession of a firearm. Under those exceptions, a person who has been "[g]ranted relief" from the felony conviction or "has had" his or her record "expunged" is not prohibited from possessing a firearm. The exceptions are prospective only—that is, they remove the disability only *after* the felony conviction is set aside. They do not operate retroactively to void a felon-in-possession conviction if the predicate felony conviction later is set aside.

Petitioner argues that changes that the legislature has made to ORS 166.270 support a narrow reading of the statute. Petitioner characterizes earlier versions of the felon-in-possession statute as demonstrating a "conservative" approach that requires a "restrictive reading." On the contrary, the legislature has broadened the scope of the statutory ban over time by expanding the kinds of firearms that a felon may not possess. For example, the felon-in-possession statute formerly did not include hunting rifles within the scope of the prohibition, but the legislature subsequently changed the wording of the statute to extend to all firearms. *Compare* ORS 166.270(1) (2005) (banning felon from possessing "any firearm") *with* ORS 166.270(1) (1987) (banning felon from possessing, *inter alia*, "a shotgun having a barrel less than 18 inches in length"). Petitioner has identified nothing in the context of ORS 166.270 that supports his position here.

Despite the apparent applicability of ORS 166.270(1) to petitioner's circumstances, he asserts that this court should apply a rule of statutory construction, the "rule of lenity," to hold in his favor. The rule of lenity—to the extent that such a rule exists—presumes that any ambiguities in a criminal statute that imposes multiple punishments for a crime should be resolved in favor of lenity at sentencing. *See State v. Welch*, 264 Or 388, 393, 505 P2d 910 (1973) (" 'It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment.' " (quoting *Bell v. United States*, 349 US 81, 83-84, 75 S Ct 620, 99 L Ed 905 (1955))). Assuming that the rule ever truly existed, ORS 161.025(2) requires that we construe penal statutes "according to the fair import of [their] terms," rather than construing them "strictly." In other words, the legislature has eliminated the availability of any "rule of lenity" by statute.

Based on our analysis of the text and context of ORS 166.270, we conclude that the legislature intended to, and did, focus on a person's *status at the time* that he or she possessed a firearm. The legislature determined that a person who has the status of "felon" at that time—even if that status later might change because the prior felony conviction is reversed or set aside—falls within the class of persons that are not permitted to possess firearms. *See Lewis*, 445 US at 67 (similarly interpreting federal felon-in-possession statute). Under ORS 166.270(1), the predicate for the crime of felon-in-possession is the status of being a felon at the time of possession of the firearm.

■ Petitioner nonetheless argues that, because his felony conviction later was set aside, that conviction was invalid *ab initio* and therefore also was invalid at the time that he possessed the firearms. Although that assertion may be true in some sense, the fact remains that, at the time that petitioner possessed the firearms involved here, he "ha[d] been convicted of a felony," ORS 166.270(1), and no court had overturned or set aside that conviction. Many consequences, beginning with possible incarceration and including a prohibition on possessing firearms, flow from a felony conviction. Constitutional or statutory defects in that conviction may lead, at a later time, to the conviction being set aside on appeal or through collateral proceedings. If a court sets aside

the conviction, then the defendant may be freed from incarceration and no longer subject to the other disabilities that accompany the defendant's status as a felon. But those consequences are lifted only *after* the conviction is overturned or set aside. As this court stated, after reviewing the various pre- and post-trial protections available to criminal defendants:

> "[I]t is the public policy of this state to treat any person who has been convicted of any criminal offense as validly convicted unless and until the person's conviction has been reversed, whether on appeal or through post-conviction relief, or the person otherwise has been exonerated."

*Stevens v. Bispham*, 316 Or 221, 230, 851 P2d 556 (1993). The fact of a person's status as a felon remains intact "unless and until" the felony conviction has been set aside. And that *fact* is what matters for purposes of ORS 166.270.[3]

It necessarily follows that a person's status as one who "has been convicted of a felony"—and therefore is subject to prosecution under ORS 166.270 if the person possesses a firearm—continues unless and until the conviction is invalidated or the person brings himself or herself within one of the statutory exceptions. Although this court has not had occasion to address the question, that conclusion is consistent with Court of Appeals' decisions construing ORS 166.270. *See, e.g., State v. Dintelman*, 112 Or App 350, 353, 829 P2d 719 (1992) (person is "convicted of a felony" for purposes of ORS 166.270 when person is found guilty and judgment of conviction is entered); *State v. Anderson*, 10 Or App 34, 37, 497 P2d 1218 (1972) (rejecting argument that defendant was not "convicted felon" because his conviction was pending on appeal). We agree with those decisions. We also note that the federal courts that have considered the analogous federal felon-in-possession statute all have reached that same conclusion. *See, e.g., United States v. Padilla*, 387 F3d 1087, 1092 (9th Cir 2004) (even when predicate felony conviction is void *ab initio*, conviction must be invalidated before felon

---

[3] This court considered an analogous statute in *State v. Sims*, 335 Or 269, 274, 66 P3d 472 (2003), and held that, in a felony driving-while-revoked prosecution, the state had to prove only the *fact* that the driver's license was revoked and not that the revocation was valid.

possesses firearm; later relief will not invalidate felon-in-possession conviction on which it was predicated); *Burrell v. United States*, 384 F3d 22, 27-28 (2d Cir 2004) (petitioner not entitled to relief where predicate felony conviction was not set aside until after felon-in-possession conviction).

Petitioner's conduct thus falls within the statutory definitions set out in ORS 166.270, and that statute does not make any provision for setting aside his felon-in-possession convictions on the ground that the predicate felony conviction later was overturned. Petitioner stands convicted under the statute unless that application of the statute violates a state or federal constitutional right, and we now turn to petitioner's constitutional claims.

We note at the outset that the state does not dispute petitioner's claim that his 1995 felony conviction was constitutionally invalid. The Ninth Circuit Court of Appeals so held and set aside the conviction, and, as noted, the state chose not to retry petitioner. Moreover, although petitioner's 1995 conviction was not set aside until 2003, the constitutional infirmity in that conviction was present from the date of the conviction. From those premises, petitioner makes two arguments in support of his contention that it is constitutionally impermissible for the state to have used his conviction for any purpose.

As noted previously, petitioner first contends that, under Article I, section 11, of the Oregon Constitution, the state may not use an invalid prior conviction in any subsequent proceeding.[4] For that proposition, petitioner relies on *Standerfer*, 297 Or 725, a DUII case in which this court considered the subsequent effect of an earlier uncounseled DUII conviction. Because the defendant in *Standerfer* had a prior DUII conviction, the trial court in that case refused to consider whether the defendant was eligible for diversion. As a result, the defendant was subject to criminal sanctions, including incarceration. Based on the Sixth Amendment to the United States Constitution,[5] this court concluded that the

---

[4] Article I, section 11, provides, in part, "In all criminal prosecutions, the accused shall have the right to * * * counsel[.]"

[5] "In all criminal prosecutions, the accused shall * * * have the Assistance of Counsel for his defence." US Const, Amend VI.

uncounseled prior conviction could not be used to support guilt or enhance punishment in a subsequent criminal proceeding. In the course of reaching that conclusion, this court stated:

> "The state cannot use an invalid prior conviction in a subsequent prosecution if to do so would lead to a disposition of the subsequent offense less favorable to defendant than that which would obtain in the absence of the prior invalid conviction. Thus, an invalid prior conviction may not be used to support guilt or enhance punishment in a subsequent criminal proceeding."

*Standerfer*, 297 Or at 731.

Petitioner's reliance on *Standerfer* fails for several reasons, the most fundamental of which—and the only one that we address in detail—is that, in *Standerfer*, the state sought to use the defendant's prior DUII conviction to, in effect, enhance the sentence for his second DUII conviction. Because the defendant challenged the validity of the prior conviction at his sentencing on the second conviction and this court agreed that it was invalid, the prior conviction could not be used to deny the defendant the opportunity to seek diversion. In this case, petitioner's felony conviction was not a fact for the court to consider at a sentencing hearing; rather, it was an element of the crime that petitioner committed, and it is undisputed that petitioner had the status of "felon" at the time that he possessed the firearm. No court involved in the felon-in-possession proceeding questioned—or was asked to question—petitioner's status as a felon at the time that he possessed the firearm. In contrast to *Standerfer*, petitioner's predicate felony convictions were not found to have been invalid until three years *after* he had possessed a firearm.[6]

---

[6] *Standerfer* does not support petitioner's Article I, section 11, claim for the additional reason that *Standerfer* was decided on the basis of the defendant's Sixth Amendment right to counsel, the defendant having raised no Article I, section 11, claim. *See Standerfer*, 297 Or at 727 & n 1 (so stating). Moreover, this court's analysis and holding in *Standerfer* rested solely on the importance of the constitutional right to counsel that was denied to the defendant in his earlier DUII case, and neither the analysis nor the holding supports petitioner's argument that a conviction that is invalid for reasons other than lack of counsel should be treated similarly. Here, petitioner's 1995 conviction was set aside not because he was denied the right to counsel, but because the prosecution failed to provide potentially exculpatory information to him. Finally, because *Standerfer* relies on the Sixth Amendment, that decision does not help petitioner in this felon-in-possession context

■ Finally, petitioner argues that the use of his felony conviction violated his rights under the Due Process Clause of the Fourteenth Amendment.[7] In rejecting petitioner's federal constitutional argument, the Court of Appeals relied on *Lewis*, 445 US 55, in which, as noted, the United States Supreme Court affirmed a federal conviction for felon-in-possession of a firearm, despite assuming that the underlying felony conviction was constitutionally invalid. *See id.* at 65 ("We therefore hold that [the federal statute] prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds.").

Petitioner agrees that *Lewis* stands for the proposition that no violation of due process occurs when a legislature prohibits the possession of a firearm by a person whose felony conviction actually has not been overturned, even if that conviction had been unconstitutionally obtained. Instead, petitioner attempts to distinguish *Lewis* by maintaining that the Oregon felon-in-possession statute, unlike the federal statute, requires a constitutionally valid conviction. Petitioner's due process argument thus leads directly back to his statutory argument, which we already have rejected.[8]

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

because the Supreme Court held in *Lewis* that, although an uncounseled conviction cannot be used for some purposes, there is no constitutional impediment to using such a conviction as a predicate offense for a felon-in-possession conviction unless and until the conviction has been set aside. *Lewis*, 445 US at 66-67.

[7] "No state shall * * * deprive any person of life, liberty, or property, without due process of law[.]" US Const, Amend XIV.

[8] As noted earlier, petitioner also sought post-conviction relief on the ground that his appellate counsel was inadequate. The post-conviction court and the Court of Appeals rejected that claim without discussion, and we decline to address it here.