No. 10 January 7, 2026 455

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALANNA NICOLE PARTIN,
*Defendant-Appellant.*

Benton County Circuit Court
18CR80451; A182074

Joan E. Demarest, Judge.

Submitted December 19, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Alanna Nicole Partin filed a supplemental brief *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Jacquot, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction for felon in possession of a firearm (FIP), ORS 166.270 (Count 1); interference with a peace officer (IPO), ORS 162.247, (Count 2); unlawful possession of a firearm, ORS 166.250, (Count 3); and failure to carry or present a license, ORS 807.570 (Count 4). She raises eight assignments of error in her brief submitted through counsel and an additional four assignments of error in her *pro se* supplemental brief, three of which, in effect, expand on arguments raised through counsel. We affirm.

*First Assignment of Error: Motion to Suppress*

The charges against defendant arose out of a traffic stop for an obscured license plate and inadequate license-plate lighting, during which defendant refused to provide her driver's license to the officer who stopped her. Upon defendant's refusal to provide her license, the officer stated that she was under arrest for failure to carry or present a license, ORS 807.570, and ordered her out of the car. When defendant did not comply with the order, the officer attempted to open the car door and observed defendant make a "quick, furtive movement" toward the lower door pocket, at which point the officer decided to arrest petitioner for IPO based on her failure to comply with his directive to get out of the car. Ultimately, officers removed defendant from the car through the car window. Officers then searched the car and recovered a revolver.

Defendant moved to suppress evidence of the revolver. The trial court denied the motion. Among other points, it concluded that the search of defendant's car and resulting seizure of the revolver were justified as a search incident to defendant's arrest for IPO. In so doing, it rejected defendant's contention that officers unconstitutionally extended her detention in connection with her failure to present a license.

On appeal, defendant assigns error to that determination. She does not dispute that that if her arrest for IPO was valid, then officers permissibly searched the car as a search incident to the arrest. Instead, pointing to *State v.*

*Middleton*, 294 Or App 596, 432 P3d 337 (2018), defendant's theory is that the officers were required to ask for her name or date of birth before arresting her for failing to present a license, that they impermissibly extended her arrest by not doing so before asking her to step out of the car, making the order to step out of the car an unlawful order. Accordingly, "[b]y not simply asking for the information necessary to promptly cite and release defendant, [the officer] extended the duration of the detention" which "exceeded the limits of a detention under ORS 807.540(4) and unlawfully extended the duration of the stop under Article I, section 9."

The state responds that *Middleton* does not stand for the proposition that officers were required to ask defendant for her name or date of birth before arresting her for her failure to present a license and that the officers otherwise acted lawfully in directing defendant to get out of the car. Accordingly, the state asserts, officers lawfully arrested defendant for IPO, and lawfully searched the car incident to defendant's arrest.

Accepting the trial court's supported factual findings and reviewing for legal error, *State v. Maciel-Figueroa*, 361 Or 163, 165-66, 389 P3d 1121 (2017), we agree with the state. Contrary to defendant's argument, nothing in *Middleton* stands for the proposition that an officer must ask a person for their identifying information before arresting the person for failure to carry and present a license. It was undisputed in *Middleton* that the defendant had been validly arrested for failure to present her license. Rather, the issue was different: whether the officers had unlawfully prolonged that undisputedly valid arrest when they prolonged her detention after having sufficiently verified her identity. 294 Or App at 604. We concluded that, having verified the defendant's identity by way of a records check with information the defendant had provided, the officers unlawfully prolonged the arrest when instead of promptly citing and releasing, they further detained the defendant while they unnecessarily waited for photo identification. *Id*. Here, by contrast, it is undisputed that the officer ordered defendant out of the car for the purpose of effectuating her arrest for failure to present a license, an offense that the

officer undisputedly had probable cause to believe defendant had committed. The officer's order therefore was lawful and defendant's failure to comply with the officer's order gave the officer probable cause to arrest her for IPO, because ORS 162.247 prohibits "intentionally or knowingly act[ing] in a manner that prevents, or attempts to prevent, the peace officer *** from performing the lawful duties of the officer with regards to *** a criminal investigation." ORS 162.247(1). Upon defendant's arrest, officers permissibly searched the car incident to defendant's arrest. Defendant's first assignment of error fails for that reason; as noted, defendant does not contest that the search was a lawful search incident to her arrest for IPO if the officer permissibly issued the initial order to exit the car based on defendant's failure to present her license.

In a related *pro se* assignment of error, defendant asserts that suppression is warranted because, in her view, the officers used excessive force in arresting her and unlawfully required her to perform field sobriety tests. Because defendant did not preserve that contention and does not seek plain error review, we do not reach it. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) (explaining that an appellate court will not ordinarily proceed to the question of plain error unless an appellant has explicitly asked it to do so).

### Second Assignment of Error: Speedy Trial

Defendant next assigns error to the trial court's denial of her motion to dismiss for lack of a speedy trial under Oregon statutes, the Oregon Constitution and the United States Constitution. We affirm the denial of the statutory speedy trial motion because the trial court denied it both as untimely and on the merits, and defendant has not challenged the timeliness ruling on appeal. "That unchallenged conclusion is an independent basis for affirmation." *State v. Rivera-Negrete*, 233 Or App 96, 102, 224 P3d 702 (2009).

As for the denial of defendant's constitution-based speedy trial motion, we review for legal error, accepting the trial court's supported factual findings. *State v. Krieger*,

306 Or App 71, 72, 473 P3d 550 (2020), *rev den*, 367 Or 535 (2021). To prevail on a speedy trial motion under either the state or federal constitution, a defendant must demonstrate, among other points, a reasonable possibility that he suffered one of three forms of prejudice: "excessive pretrial detention, anxiety and stress resulting from the public accusation of a crime, and impairment of the ability to present a defense at trial." *State v. Wendt*, 268 Or App 85, 101, 341 P3d 893 (2014); *State v. Johnson*, 342 Or 596, 615, 157 P3d 198 (2007), *cert den*, 552 US 1113 (2008) (discussing relationship between state and federal constitutional standards).

Here, the trial court determined that defendant had not demonstrated the required prejudice, and that determination is supported by the record. Although defendant was incarcerated pretrial, that incarceration was due to an unrelated matter, and the trial court could permissibly conclude that her confinement was not the result of or exacerbated by the delay in her trial. Although defendant's witness died November 25, 2019, that was after defendant failed to appear the first time on June 4, 2019, which resulted in the setting of the new trial date of December 5, 2019; to the extent defendant's ability to prepare a defense was affected by the death of her own witness, her own conduct of failing to appear for trial on the earlier date caused that problem. Finally, the record does not compel a finding that defendant's stress and anxiety while awaiting trial was excessive or anything other than the stress and anxiety attendant to any criminal prosecution. *State v. Dykast*, 300 Or 368, 378, 712 P2d 76 (1985) ("Most criminal prosecutions cause stress, discomfort and interference with a normal life."). The trial court therefore did not err in denying defendant's constitutional speedy trial motion.

*Third and Fifth Assignments of Error: Dismissal of or Acquittal on FIP Charge.*

The predicate felony for defendant's FIP conviction was based on a nonunanimous verdict but that felony had not been reversed or set aside when defendant possessed the firearm which led to the charge in this case. Defendant argues that the fact that the verdict was nonunanimous means that the trial court was required to dismiss the FIP

or, alternatively, grant her motion for judgment of acquittal. Those arguments are contrary to the Supreme Court's decision in *Bailey v. Lampert*, 342 Or 321, 328, 153 P3d 95 (2007), which held that, regardless of whether a felony conviction is later determined to be invalid, a person commits the offense of FIP by possessing a firearm while having a felony conviction that has not been overturned. We reject the third and fifth assignments of error for that reason.

*Fourth Assignment of Error: Exclusion of Evidence that Defendant's Felony Conviction was Based on a Nonunanimous Verdict.*

In her fourth assignment of error, defendant asserts that the trial court erred when it excluded as irrelevant evidence that her underlying felony conviction was the result of a nonunanimous verdict. We review whether evidence was properly excluded as irrelevant for errors of law. *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999). The trial court did not err. As explained, under *Bailey*, all that matters for purpose of a charge of FIP is whether the defendant had a valid felony conviction at the time the defendant is alleged to have possessed a firearm. That defendant's felony conviction was based on a nonunanimous verdict, or that there may have been other reasons for invalidating defendant's felony conviction, is irrelevant to the issue of whether defendant stood convicted of a felony at the time she possessed the revolver. Said another way, under *Bailey*, it would have been impermissible for defendant to argue that the jury should find her conviction to be invalid because it was based on a nonunanimous verdict. The trial court properly excluded the evidence.

*Sixth Assignment of Error: Facial and As-Applied Constitutionality of Oregon's FIP Statute.*

In her sixth assignment of error and in a *pro se* assignment of error, defendant argues that her conviction for FIP should be reversed on the ground that the FIP statute is unconstitutional, both facially and as applied to the circumstances of her case. Those contentions are contrary to our decisions in *State v. Parras*, 326 Or App 246, 531 P3d 711, *rev den*, 371 Or 511 (2023), *rev allowed*, 373 Or

763 (2024), *rev dismissed as improvidently allowed*, March 4, 2025; *State v. Ivey*, 342 Or App 649, 656, 577 P3d 884 (2025) (both addressing as applied challenges to the felon in possession of body armor statute); and *City of Portland v. Sottile*, 336 Or App 741, 744, 561 P3d 1159 (2024), *rev den*, 374 Or 372 (2025) (holding that a city ordinance which prohibited possession of a loaded firearm was facially constitutional), and we reject them for that reason. As we have in other cases, we also reject defendant's contention that those decisions are wrongly decided. *See, e.g.*, *State v. Hostman*, 343 Or App 506, 512, 579 P3d 253 (2025).

*Seventh Assignment of Error: Denial of Motion for Judgment of Acquittal on IPO charge.*

In her seventh assignment of error, defendant challenges her conviction for IPO. She contends that the evidence is insufficient to support a finding that her noncooperation with officers was active, and not passive, as is required to support a conviction for IPO. *See State v. McNally*, 361 Or 314, 335, 392 P3d 721 (2017) (discussing what constitutes passive resistance for purpose of IPO statute). "When reviewing a motion for a judgment of acquittal, we view the evidence in the light most favorable to the state to determine whether a rational trier of fact, making reasonable inferences, could have found that the state proved the essential elements of the crime beyond a reasonable doubt." *State v. White*, 211 Or App 210, 212, 154 P3d 124, *adh'd to as clarified on recons*, 213 Or App 584, 162 P3d 336, *rev den*, 343 Or 224 (2007). "[W]hen at least one inference supports a verdict against a defendant, as is the case here, it is for the factfinder to choose between the competing inferences, and a motion for a judgment of acquittal should be denied." *Id*. at 218-19.

Here, the evidence is sufficient to support a finding that defendant's conduct was active for purposes of the IPO statute. "Conduct that is active and noncooperative does not amount to passive resistance." *State v. Bledsoe*, 311 Or App 183, 190, 487 P3d 862, *rev den*, 368 Or 637 (2021). Active conduct is conduct that requires "physical movement or other impact on the external world." *Id*. at 188 (concluding that walking away from an officer was not passive resistance). Viewed in the light most favorable to the state, the record

supports a finding that defendant engaged in physical movement in opposing the officer's directive to get out of the car, including by making a quick movement in response. Even if that movement was, as defendant later claimed, an effort to roll up the window and not an effort to reach for a gun, it was, one way or another, active. The trial court did not err in denying the motion for judgment of acquittal regarding the IPO charge.

*Eight Assignment of Error: Imposition of Compensatory and Punitive Fines.*

Defendant's eighth assignment of error challenges the trial court's imposition of both a compensatory and a punitive fine. Defendant has alerted us that the trial court has since corrected the judgment to address the problem, making this assignment of error moot.

*Remaining Pro Se Assignment of Error: Failure to Poll the Jury in Open Court.*

Over defendant's objection that the jury should be polled in open court, the trial court polled the jury in writing under the process authorized by ORS 136.330. In defendant's final *pro se* assignment of error, she contends that the statutory process authorized by ORS 136.330 violates her constitutional rights. However, defendant has not supplied a developed argument in support of the contention that ORS 136.330 conflicts with either the state or federal constitution, so we reject defendant's assignment of error for that reason. *See State v. Thompson*, 251 Or App 595, 602, 284 P3d 559 (2012) (the court does not usually address arguments that are not adequately developed).

Affirmed.